J-A23045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.M.N. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| S.L.N. | |
| Appellee | No. 338 WDA 2015 |

Appeal from the Order January 27, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-13-007918-002

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:              **FILED OCTOBER 02, 2015**

Appellant, J.M.N. ("Father") appeals from the order entered in the Allegheny County Court of Common Pleas, which granted primary custody of the parties' children, B.F.N. and S.C.N. ("Children"), to Appellee, S.L.N. ("Mother") and granted Mother's petition for relocation.  We affirm.

Regarding both custody and relocation, the trial court findings present the relevant facts of the matters in question.  Nevertheless, we add a short summary of the case and procedural history from the certified record for context.  The parties were married in September 2005 in Pennsylvania, separated in July 2013, and finalized their divorce in July 2014.  The parties have two minor children of school age; the older child has developmental challenges with an autism diagnosis.  The younger child has also displayed similar behavior consistent with the same problems.  Mother has taken

primary responsibility for Children's care, counseling, therapy, and education. In September 2014, Mother was offered a positive, professional opportunity in West Virginia around the same time she learned that Children's Pennsylvania school district was discontinuing B.F.N.'s services. Given the changed circumstances, Mother filed a petition on September 24, 2014, for relocation to West Virginia. On September 26, 2014, Father filed a complaint for custody. The parties had previously enjoyed an informal and cooperative custody arrangement, which deteriorated following the filing of the relocation petition and custody complaint. In October 2014, Mother married S.S. ("Husband"), who works in West Virginia.

In January 2015, the court held a two-day hearing on custody and relocation. By order entered January 27, 2015, the court granted Mother's petition to relocate and granted Mother primary legal and physical custody of Children, effective with the commencement of the 2015-2016 school year. Meanwhile, the court ordered the parties to share legal and physical custody.

Father timely filed a notice of appeal on February 26, 2015, but he failed to attach a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(a)(2)(i). The trial court issued a Rule 1925(a) "statement in lieu of an opinion" on March 15, 2015, without the benefit of Father's statement of issues. On March 25, 2015, this Court ordered Father to file his Rule 1925 statement, which Father timely filed on April 6, 2015.

Father raises the following issues for review, which were also included

J-A23045-15

in his Rule 1925 statement:

> WHETHER THE [TRIAL] COURT ERRED IN DETERMINING THE BEST INTEREST OF THE [CHILDREN].
>
> WHETHER THE [TRIAL] COURT ERRED IN CONSIDERING ALL RELEVANT FACTORS OF 23 PA.C.S.A. SECTION 5328(A)(1), WHICH PARTY IS MORE LIKELY TO ENCOURAGE AND PERMIT FREQUENT AND CONTINUING CONTACT BETWEEN THE CHILD AND ANOTHER PARTY, AND GIVING APPROPRIATE WEIGHT TO MOTHER'S BEHAVIOR.
>
> WHETHER THE [TRIAL] COURT ERRED WHEN ADDRESSING 23 PA.C.S.A. SECTION 5328(A)(4), THE NEED FOR STABILITY AND CONTINUITY IN CHILD'S EDUCATION, FAMILY LIFE AND COMMUNITY LIF[E], IN FINDING THAT MOTHER HAS BEEN PRIMARILY RESPONSIBLE FOR ENSURING STABILITY AND CONTINUITY IN [B.F.N.]'S MEDICAL TREATMENT AND EDUCATION.
>
> WHETHER THE [TRIAL] COURT ERRED WHEN ADDRESSING 23 PA.C.S.A. SECTION 5328(A)(10), WHICH PARTY IS MORE LIKELY TO ATTEND TO THE DAILY PHYSICAL, EMOTIONAL, DEVELOPMENTAL, EDUCATION AND SPECIAL NEEDS OF THE CHILD, IN FINDING THAT MOTHER IS BEST SUITED TO OVERSEE AND ATTEND TO CHILD'S CONTINUING CARE AND TREATMENT.
>
> WHETHER THE [TRIAL] COURT ERRED WHEN ADDRESSING 23 PA.C.S.A. SECTION 5328(A)(13), THE LEVEL OF CONFLICT BETWEEN THE PARTIES AND THE WILLINGNESS AND ABILITY OF THE PARTIES TO COOPERATE WITH ONE ANOTHER, IN FAILING TO GIVE APPROPRIATE WEIGHT TO MOTHER'S BEHAVIOR AND FINDING THAT CO-PARENTING COUNSELING SHOULD ALLEVIATE THE BEHAVIORS OF MOTHER.
>
> WHETHER THE [TRIAL] COURT ERRED WHEN ADDRESSING 23 PA.C.S.A. SECTION 5337(H)(2), THE AGE, DEVELOPMENTAL STAGE, NEEDS OF THE CHILD AND THE LIKELY IMPACT THE RELOCATION WILL HAVE ON CHILD'S PHYSICAL, EDUCATIONAL AND EMOTIONAL DEVELOPMENT, TAKING INTO CONSIDERATION ANY

SPECIAL NEEDS OF CHILD, IN FINDING THAT MINOR CHILD'S NEEDS ARE BEING MET AT HIS CURRENT SCHOOL, BUT BELIEVING THAT HIS NEEDS WILL BE MET AT HIS PROPOSED SCHOOL.

WHETHER THE [TRIAL] COURT ERRED WHEN ADDRESSING 23 PA.C.S.A. SECTION 5337(H)(5), WHETHER THERE IS AN ESTABLISHED PATTERN OF CONDUCT OF EITHER PARTY TO PROMOTE OR THWART THE RELATIONSHIP OF CHILD AND THE OTHER PARTY, IN FAILING TO GIVE APPROPRIATE WEIGHT TO MOTHER'S BEHAVIOR.

WHETHER THE [TRIAL] COURT ERRED WHEN ADDRESSING 23 PA.C.S.A. SECTION 5337(H)(7), WHETHER THE RELOCATION WILL ENHANCE THE GENERAL QUALITY OF LIFE FOR CHILD, INCLUDING, BUT NOT LIMITED TO, FINANCIAL, OR EMOTIONAL BENEFIT OR EDUCATIONAL OPPORTUNITY, IN FINDING THAT THE EDUCATIONAL OPPORTUNITIES WILL BE COMPARABLE TO THOSE CURRENTLY AVAILABLE AND TO FIND THAT THERE ARE MORE SOCIAL, SPORTING AND COMMUNITY RESOURCES AVAILABLE FOR CHILDREN IN THE AREA OF RELOCATION.

(Father's Brief at 10-12).

In reviewing a child custody order:

[O]ur scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*S.J.S. v. M.J.S.*, 76 A.3d 541, 547-48 (Pa.Super. 2013) (internal citation

omitted). Additionally,

> [O]ur Legislature adopted a new Child Custody Act ("Act"), effective on January 24, 2011. **See** 23 Pa.C.S.A. §§ 5321–5340. The new Act applies to "disputes relating to child custody matters" filed after the effective date of the new law. 23 Pa.C.S.A. § 5321. In **E.D. v. M.P.,** 33 A.3d 73, 76 (Pa.Super. 2011), we held that the Act applied to any proceeding, including a petition for relocation, initiated by a *filing* made after the effective date of the Act.

**Id.** With respect to a custody order, Section 5328(a) provides:

### § 5328. Factors to consider when awarding custody

**(a)  Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

> (1)  Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

> (2)  The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

> (2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

> (3)  The parental duties performed by each party on behalf of the child.

> (4)  The need for stability and continuity in the child's education, family life and community life.

> (5)  The availability of extended family.

> (6)  The child's sibling relationships.

- 5 -

(7)     The well-reasoned preference of the child, based on the child's maturity and judgment.

(8)     The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9)     Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10)   Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11)   The proximity of the residences of the parties.

(12)   Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13)   The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another.  A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14)   The history of drug or alcohol abuse of a party or member of a party's household.

(15)   The mental and physical condition of a party or member of a party's household.

(16)   Any other relevant factor.

23 Pa.C.S.A. § 5328(a).  In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations."  *M.J.M. v. M.L.G.*, 63 A.3d 331,

336 (Pa.Super. 2013), *appeal denied*, 620 Pa. 710, 68 A.3d 909 (2013). A court's explanation of reasons for its decision, which adequately addresses the relevant custody factors, complies with Section 5323(d). *Id.*

The new Act defines "Relocation" as "[a] change in residence of the child which significantly impairs the ability of a non-relocating party to exercise custodial rights." 23 Pa.C.S.A. § 5322(a); *C.M.K. v. K.E.M.*, 45 A.3d 417, 422-25 (Pa.Super. 2012). Section 5337 sets forth the procedures and factors governing relocation in relevant part as follows:

**§ 5337. Relocation**

**(a) Applicability.**—This section applies to any proposed relocation.

**(b) General rule.**—No relocation shall occur unless:

(1) every individual who has custody rights to the child consents to the proposed relocation; or

(2) the court approves the proposed relocation.

**(c) Notice.**—

(1) The party proposing the relocation shall notify every other individual who has custody rights to the child.

(2) Notice, sent by certified mail, return receipt requested, shall be given no later than:

(i) the 60th day before the date of the proposed relocation; or

(ii) the tenth day after the date that the individual knows of the relocation, if:

(A) the individual did not know and could not

- 7 -

reasonably have known of the relocation in sufficient time to comply with the 60–day notice; and

(B)  it is not reasonably possible to delay the date of relocation so as to comply with the 60–day notice.

(3) Except as provided by section 5336 (relating to access to records and information), the following information, if available, must be included with the notice of the proposed relocation:

(i)   The address of the intended new residence.

(ii)  The mailing address, if not the same as the address of the intended new residence.

(iii)  Names and ages of the individuals in the new residence, including individuals who intend to live in the new residence.

(iv)  The home telephone number of the intended new residence, if available.

(v)   The name of the new school district and school.

(vi)  The date of the proposed relocation.

(vii)  The reasons for the proposed relocation.

(viii) A proposal for a revised custody schedule.

(ix)  Any other information which the party proposing the relocation deems appropriate.

(x)   A counter-affidavit as provided under subsection (d)(1) which can be used to object to the proposed relocation and the modification of a custody order.

(xi)  A warning to the nonrelocating party that if the nonrelocating party does not file with the court an objection to the proposed relocation within 30 days after receipt of the notice, that party shall be

foreclosed from objecting to the relocation.

(4) If any of the information set forth in paragraph (3) is not known when the notice is sent but is later made known to the party proposing the relocation, then that party shall promptly inform every individual who received notice under this subsection.

**(d)   Objection to proposed relocation.**—

(1) A party entitled to receive notice may file with the court an objection to the proposed relocation and seek a temporary or permanent order to prevent the relocation.   The nonrelocating party shall have the opportunity to indicate whether he objects to relocation or not and whether he objects to modification of the custody order or not.   If the party objects to either relocation or modification of the custody order, a hearing shall be held as provided in subsection (g)(1). The objection shall be made by completing and returning to the court a counter-affidavit, which shall be verified subject to penalties under 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities), in substantially the following form…

\* \* \*

**(h) Relocation factors.—**In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:

(1)  The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.

(2)  The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.

(3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4) The child's preference, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S.A. § 5337(a)–(d) (h).  Moreover,

[T]he party proposing relocation…bears the burden of proving relocation will serve the children's best interests.  *See* 23 Pa.C.S.A. § 5337(i).  Each party, however, has the burden of establishing "the integrity of that party's motives in either seeking the relocation or seeking to prevent the relocation."  23 Pa.C.S.A. 5337(i)(2).

*S.J.S., supra* at 551.  In all of these proceedings:

- 10 -

> [O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.
>
> > The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa.Super. 2009) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Susan Evashavik DiLucente, we conclude Father's issues merit no relief. The trial court comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed March 30, 2015, incorporating its Findings of Fact and Order, filed January 27, 2015, at 1-12) (examining each relevant factor under applicable statutes; concluding custody and relocation decisions are in Children's best interests). Accordingly, we affirm on the basis of the trial court's opinion, incorporating its January 27, 2015 Findings of Fact and Order.

Order affirmed.

Judgment Entered.

- 11 -

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/2/2015</u>